# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **RICHARD E. BISHOP, II,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:19-cv-00291** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARK,**[1] | ) | **By: Norman K. Moon** |
| **Respondent.** | ) | **Senior United States District Judge** |

Petitioner Richard E. Bishop, II, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement following a judgment rendered by the Floyd County Circuit Court. In that judgment, he was sentenced to six life terms for four convictions of raping a child under the age of 13 and two counts of forcible rape. Bishop has alleged four grounds for relief in his petition, all of which were previously presented to the Supreme Court of Virginia. Respondent has filed a motion to dismiss Bishop's petition, and Bishop has responded, making the matter ripe for disposition. Upon review of the record, I conclude that the state court's decisions were neither contrary to, nor an unreasonable application of, clearly established federal law, and I further conclude that the decisions were not based on an unreasonable determination of the facts. Accordingly, I will grant the respondent's motion to dismiss.

## I. BACKGROUND

On May 17, 2014, Bishop's adopted daughter, T.B., then three and a half months past her 13th birthday, told her doctor that Bishop had been forcing her to have sexual relations with him. The doctor immediately reported the abuse to law enforcement, and T.B. was examined by a

---

[1] Defendant's correct name is Harold W. Clarke, not as spelled in the petition.

forensic nurse examiner the same day. The examiner found a disruption in T.B.'s hymen, but the remainder of her physical exam was normal. (Trial Tr., vol. 1 at 127, March 3, 2015.)

When contacted by Floyd County Sheriff's Office investigators on May 19, 2014, Bishop admitted having a sexual relationship with his daughter, though he maintained that the relationship was consensual. He could not recall precisely when the relationship started, stating "not that long ago, probably six months." (Trial Tr., vol. 1 at 65.) He gave video and audio recorded interviews to two different officers that day, admitting a sexual relationship with T.B. in both interviews. (Trial Tr., vol. 1 at 61–66, 68, 78–80.)

The grand jury indicted Bishop on June 2, 2014, for four counts of raping a child under the age of 13, in violation of Virginia Code § 18.2-61(A)(iii), and two counts of forcible rape, in violation of Virginia Code § 18.2-61(A)(i). The case was tried by a jury on March 3, 2015, which returned a verdict of guilty on all six charges. Following the sentencing hearing, the jury recommended a sentence of life on each conviction. After receipt and review of a presentence report and another sentencing hearing on July 14, 2015, the trial judge imposed the sentence recommended by the jury. The court entered the final judgment order on July 21, 2015.

Bishop timely appealed his convictions and sentences to the Court of Appeals of Virginia, which affirmed the judgment on May 13, 2016. Then Bishop petitioned the Supreme Court of Virginia, which denied his appeal on March 2, 2017. Bishop did not file a petition for certiorari in the United States Supreme Court. On February 18, 2018, Bishop filed a *pro se* petition for habeas relief in the Supreme Court of Virginia, raising five claims of ineffective assistance of counsel. The state court dismissed the petition, finding that Bishop failed to establish deficient performance on four of the five claims and failed to establish prejudice on any of the claims. Bishop sought rehearing on the court's dismissal of the habeas, and the rehearing was denied on

March 21, 2019.  Promptly thereafter, on April 4, 2019, Bishop signed the current § 2254 petition, which the court received on April 8, 2019.

## II.  CLAIMS

In his current timely petition, Bishop raises the following claims:

(1) "Insufficient counsel" (with no other details provided);

(2) His right to a fair and impartial trial was violated because he was shackled during the trial, in view of the jury;

(3) Counsel failed to object to Investigator Dalton's testimony that he saw a light bruise on Bishop's left arm[2] during his initial interview of Bishop; and

(4) Counsel was ineffective for not asking certain questions of the victim on cross-examination.

(Pet. 5–10, Dkt. No. 1.)

## III. DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act, federal statutes require state prisoners to meet procedural requirements before a federal court may grant relief in habeas corpus.  First, the petitioner must file his claim timely, 28 U.S.C. 2244(d), and next, he must exhaust his state court remedies before filing in federal court.  28 U.S.C. § 2254(b)(1)(A). Bishop's petition herein was timely filed, and the respondent acknowledges that Bishop exhausted each of these claims in the highest court of Virginia.  (Resp't's Br. in Supp. of Mot. to Dismiss 5, Dkt. No. 8.)  With these preliminary procedural matters satisfied, I turn to the merits of Bishop's claims.

---

[2] T.B. testified that the last time Bishop forced himself on her, a few days before she went to the doctor on May 17, 2014, she bit Bishop's left upper arm near the bicep, leaving a purple and black mark.  (Trial Tr., vol. 1 at 108–109.)

A federal habeas court may grant relief on the merits of a state claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). A decision is contrary to federal law only if it reaches a legal conclusion that is directly opposite to a Supreme Court decision or if it reaches the opposite result from the Supreme Court on facts that are materially indistinguishable from the Supreme Court case's facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state's decision is an "unreasonable application" of federal law only if the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). The question is not whether a federal court believes the state court's decision is incorrect, but whether the decision was unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). Likewise, the federal court must presume that the state court's factual findings are correct, and this presumption can be overcome only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Again, the federal court must find more than just an incorrect determination of facts, as "unreasonable determination of the facts" is "a substantially higher threshold." *Schriro,* 550 U.S. at 473.

A. Claim 1: Insufficient Counsel

To prove ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment *and* (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner "must identify the acts or omissions of

counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. Bishop's first ground for relief in his petition does not provide any information on how his attorney was allegedly deficient or how that insufficiency prejudiced him. Accordingly, he has failed to state a claim that can be addressed.

B. Claim 2: Shackled During Trial

It is unclear whether Bishop is claiming that counsel was ineffective for failing to object to the shackles, as he argued in his state habeas petition, or whether he is arguing the shackles as an independent issue, a violation of his constitutional due process right to a fair and impartial trial, as he argued in his direct appeal. Either way, Bishop cannot establish that either decision of the state's highest court was contrary to or an unreasonable application of federal law, nor has he shown the state's decisions to be based on an unreasonable determination of the facts.

1. Due Process

In the supplemental *pro se* petitions Bishop filed in his direct appeals, he argued that the jury was prejudiced against him by seeing him in shackles during the trial. He appears to make the same claim in the current petition, citing *Illinois v. Allen*, 397 U.S. 337 (1970) and *Miller v. Commonwealth*, 373 S.E.2d 721 (Va. Ct. App. 1988) in support of his position. Bishop made this claim in both the Court of Appeals of Virginia and in the Supreme Court of Virginia. The written opinion of the Court of Appeals is the last reasoned state court opinion on this claim. Therefore, this court "looks through" the Supreme Court of Virginia's denial of the petition and reviews the reasoning of the Court of Appeals. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (a federal habeas court must presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the

same ground."). The same deferential standard of review prescribed by § 2254(d) applies in reviewing the opinion from the Court of Appeals of Virginia.

The Court of Appeals of Virginia denied Bishop's claim of unconstitutional shackling because he failed to present this objection to the trial court, as required by Rule 5A:18, Va. R. Sup. Ct. Even though Bishop exhausted this claim by presenting it to the highest state court, the court expressly based its denial of this claim on Bishop's default of a state procedural rule. That procedural rule provides an independent and adequate ground for the court's denial of the claim. Because the court had an independent and adequate ground for dismissal other than the federal constitutional claim, the claim is procedurally barred on habeas review. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Bishop has not alleged or demonstrated cause for the procedural default, nor that he is prejudiced by the default, so I need not address the merits of this issue.

2. Ineffective Assistance of Counsel

As indicated previously, when reviewing counsel's performance, courts apply a highly deferential standard, under which a petitioner must show both deficient performance by counsel and prejudice resulting from that performance. *Strickland*, 466 U.S. at 687. Petitioner must meet both prongs of that test. Deficient performance requires a showing that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. The reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's representation and actions fell within the wide range of reasonable strategy decisions. *Id*. at 689–90. To establish prejudice under *Strickland*, a petitioner must show that there was "a reasonable probability that the outcome of the proceedings would have been different," which means "a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

6

The state habeas court first found that counsel asked the trial court in chambers to allow Bishop to remain unshackled during the trial, but the court denied his request. The court also noted that the outcome of a more formal motion was not likely to be different if counsel made the motion in open court. From the record, the state habeas court's determination of facts is not unreasonable. Although the state court did not rule on the deficient performance prong, the factual finding that counsel asked for Bishop to remain unshackled suggests that there was no deficiency. Further, if counsel had objected in open court, and the trial court then denied the motion, the claim itself would not have been procedurally defaulted. The Court of Appeals of Virginia would have addressed the issue on the merits, but Bishop has not shown a reasonable probability that he would have prevailed on the due process claim, as necessary to show prejudice.

The state habeas court expressly held that Bishop failed to establish that he was prejudiced by his counsel's failure to object to the shackles. The court found no evidence that a juror actually noticed that Bishop was restrained. The trial transcripts support the court's further conclusion that the jury was not in the courtroom whenever Bishop was escorted into and out of the courtroom. The court accepted counsel's statement about the arrangement of the courtroom and concluded that the jurors could not see the shackles while Bishop was seated at counsel table. None of these factual findings are unreasonable determinations of the facts.

The court further concluded that even if the jurors saw the restraints, Bishop failed to show that this influenced his conviction or sentence. Because of the strength of the evidence against him and the nature of the crime, the court held that "there is little chance any juror's perception of petitioner's shackles impacted their determination regarding petitioner's guilt." (Habeas Op. at 3–4, *Bishop v. Clark*, No. 180284 (Va. Nov. 30, 2018), Exhibit 1 to Resp't's Br. in Supp. of Mot. to Dismiss, Dkt. No. 8-1.) Given T.B.'s testimony that Bishop forced her to have sexual relations

once or twice per week, starting approximately four months before her 13th birthday, two video recordings in which Bishop admitted having sexual relations with T.B., and evidence of the bite mark T.B. left on Bishop's left arm in mid-May 2014, just a few days before her report to the doctor, I cannot remotely consider the state court's factual findings to be unreasonable.

Nor is the state court's legal conclusion unreasonable. The court found that shackles did not prejudice his right to a fair trial under the facts set forth above, citing several decisions. *Jones v. Sec'y. Fla. Dep't of Corr.*, 834 F.3d 1299, 1320–23 (11th Cir. 2016) (petitioner not prejudiced by counsel's failure to object to shackles because the evidence of petitioner's guilt was overwhelming); *Lakin v. Stine*, 431 F.3d 959, 966 (6th Cir. 2005) (shackles created constitutional violation, but any error was harmless in light of overwhelming evidence of guilt); *Fountain v. United States*, 211 F.3d 429, 435–36 (7th Cir. 2000). The standard for unreasonable application of federal law is that no fairminded jurist could reach a different result. Clearly, courts in three different circuits have reached the same conclusion that the state habeas court reached, so this is not an unreasonable application of federal law. I will dismiss this claim.

C. Claim 3: Counsel's Failure to Object to Investigator Dalton's Testimony About Bruise

Under *Strickland*, a reviewing court strongly presumes that counsel rendered adequate decisions and that all significant decisions were made in the exercise of reasonable judgment. 466 U.S. at 690. The *Strickland* standard is "doubly deferential" in the context of a habeas petition, because the deferential standard of review required by § 2254 overlaps with the deferential standard under *Strickland*. *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). In other words, federal courts on habeas review are to give the benefit of the doubt to both the state court and the defense attorney. *Woods*, 136 S. Ct. at 1151.

The state habeas court held that Bishop did not prove either deficient performance or prejudice. The court noted first that Bishop did not provide any legal basis for counsel to object to Dalton's testimony about observing a healing bruise on Bishop's arm on May 19. To the extent that counsel did not question Dalton about why the bruise wasn't shown on the video and why Dalton didn't take pictures of the bruise, the court accepted counsel's affidavit that Bishop and counsel had discussed a strategy to minimize rehashing the government's strong evidence. The state court's factual finding that counsel made a strategic decision is not an unreasonable determination of fact. Nor has the state court unreasonably applied federal law, which requires deference to strategies of counsel and a presumption that such strategies are reasonable. Accordingly, I cannot disturb the state court's decision that counsel's representation was not deficient.

Further, the state court concluded that Bishop failed to demonstrate that the result of the hearing would have been any different if counsel challenged the evidence of the bruise. With or without the bruise on Bishop's arm, the evidence of Bishop's sexual misconduct with T.B. was overwhelming. This, too, is not an unreasonable determination of fact nor an unreasonable application of federal law. Therefore, I will dismiss this claim.

D. Failure to Ask Victim Certain Questions

Bishop alleges that trial counsel was ineffective because he failed to cross-examine the victim about cutting her jeans and shirts at her request, and that he told her the cut-offs made her look sexy as the explanation for why she couldn't wear those clothes outside the house. Further, Bishop complains that counsel did not cross-examine about sleeping arrangements (mom and brothers sleeping in the same room where victim and Bishop were sleeping). The state habeas court found neither deficient performance nor prejudice on these issues.

In finding no deficient performance, the state habeas court noted that counsel chose to structure his cross-examination of the victim based on how she presented to the jury and on how counsel perceived the emotional state of the jurors, based upon the evidence they had already heard. The court based this finding on defense counsel's affidavit, and the finding is not an unreasonable determination of fact. Further, recognizing that cross-examination is matter of trial tactics and strategy, the court held that Bishop offered nothing to show that this was an unreasonable strategy. The decision is a reasonable application of federal law, as determined by the Supreme Court. The Supreme Court has stated that "Giving the attorney control of trial management matters is a practical necessity. . . . Numerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for the trial." *Gonzales v. United States*, 553 U.S. 242, 249 (2008).

The state habeas court also found that Bishop failed to show prejudice from counsel's failure to ask these questions. Bishop offered nothing but his own speculation about how the victim would answer the questions, and particularly regarding the clothing, no explanation of how those answers would have influenced the outcome of the trial. The state court's decision is not an unreasonable application of *Strickland*. Further, the trial transcript reflects that T.B. testified on direct examination that everyone slept downstairs in the living room during January, February, and March, because it was too cold for any of them to sleep anywhere else. (Trial Tr., vol. 1 at 102–103.) There can certainly be no prejudice to counsel's failure to ask a question that was already answered. Because Bishop has failed to establish that the state habeas court's decision was an unreasonable application of law or unreasonable determination of facts, I will dismiss this claim.

## IV. CONCLUSION

For the reasons stated, I will grant respondent's motion to dismiss.  The claims presented do not entitled Bishop to relief.  Further, concluding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered.

**ENTER:**  This 7th day of February, 2020.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE