IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD E. BISHOP, II,       ) | |
|     Petitioner,       ) | Civil Action No. 7:19-cv-00291 |
| ) | |
| v.       ) | **OPINION AND ORDER** |
| ) | |
| HAROLD CLARKE,       ) | By:  Norman K. Moon |
|     Respondent.       ) | Senior United States District Judge |

Petitioner Richard E. Bishop, II, a Virginia inmate proceeding *pro se*, has filed a motion for relief in this matter, citing no legal authority, offering no new factual basis, and asking the court to accept his petition for habeas corpus and give him another chance for an "honest and fair trial."  For the reasons stated below, the Court will deny the motion.

Bishop initially filed a petition for writ of habeas corpus in this matter on April 8, 2019.  The respondent filed a motion to dismiss, and Bishop filed a response in opposition to that motion.  By opinion and order entered herein on February 7, 2020, the Court dismissed the habeas petition because the state court's decisions on each issue were not contrary to federal law nor based on an unreasonable determination of facts.  Bishop appealed the decision to the Fourth Circuit Court of Appeals, which dismissed the appeal on August 28, 2020, finding that Bishop failed to establish that reasonable jurists could disagree with the Court's decision on the constitutional issues Bishop raised.  *Bishop v. Clarke*, No. 20-6306 (4th Cir. Aug. 28, 2020) (per curiam).  Bishop unsuccessfully attempted to file a petition for certiorari with the United States Supreme Court, which the Clerk of that Court returned to Bishop through our District Court Clerk's Office.  Thereafter, Bishop filed this motion for relief.

The motion cites no legal authority for the Court to reconsider the prior decision in this matter, and there is no lawful reason to do so.  The matter has already been decided, and the case

is closed. Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to amend a judgment, but such a motion must be filed within 28 days of the District Court judgment, not after the matter has already been decided on appeal. That time limit cannot be extended by the court. *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020).

Likewise, Rule 60 provides a basis for relief from a judgment, listing six possible bases for filing such a motion. Bishop has not stated any basis for relief from the judgment. Further, motions under Rule 60 must be made "within a reasonable time," and for half the grounds identified in the statute, within one year from the judgment. Bishop's motion for relief was filed more than one year after the order dismissing his habeas petition.

To the extent that his motion can be construed as a new petition for habeas corpus, a federal district court may consider a second or successive § 2254 petition only if the petitioner secures certification from the United States Court of Appeals for this circuit that the claims in the petition meet certain criteria. 28 U.S.C. § 2244(b)(3). If this motion is intended as a new petition, it is clearly a second or successive petition. Bishop has not demonstrated that he obtained certification from the Fourth Circuit Court of Appeals, requiring this court to dismiss a second or successive petition.

Because Bishop's motion for relief is untimely and states no legal basis for the requested relief, its hereby **ORDERED** and **ADJUDGED** as follows:

(1) Bishop's motion for relief (Dkt. No. 31) is **DENIED** and **DISMISSED;** and

(2) Concluding that Bishop has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

(3) To the extent that the motion can be construed as a second or successive petition for habeas corpus, without certification by the Court of Appeals, such petition is **DISMISSED** without prejudice.

The Clerk is directed to send a copy of this Opinion and Order to Mr. Bishop.

ENTER:  This 24th day of January, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE